**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00114-JAW |
| | ) | |
| NOORA ABD, | ) | |
| Defendant. | ) | |

**DEFENDANT NOORA ABD'S MOTION TO SET THE PLACE OF TRIAL IN PORTLAND**

This Court's stated preference is to try a case where it comes from. This case comes from Portland. Community Home Health Care, LLC operated in South Portland, in Cumberland County. Noora Abd lives in Biddeford, in York County. The search warrants issued out of Portland and the grand jury subpoenas were returnable in Portland. Noora Abd respectfully asks the Court to set the place of trial in Portland.[1]

The question presented is the one Rule 18 commits to this Court, and each consideration the Rule names points to Portland.

The government's own decisions point the same way. It sought and obtained its search warrants from a magistrate judge sitting in Portland, and those warrants bear Portland docket numbers. It executed them on the business in South Portland and on the residence in Biddeford. The investigation was handled by the Portland office of the United States Attorney for the District of Maine. All three Assistant United States Attorneys who have entered appearances are listed on the docket at 100 Middle Street in Portland.

The government's grand jury subpoenas in this case were returnable in Portland. The amended subpoena served on Community Home Health Care, LLC on September 23, 2026

[1] Noora Abd does not challenge venue, which is proper in the District of Maine, and she does not contend that pretrial publicity requires a change of forum.

commanded appearance before the "Portland Grand Jury" at the Edward T. Gignoux Federal Courthouse, 156 Federal Street, Portland, on October 7, 2026, and the subpoena it superseded ran the same way, returnable in Portland on August 19, 2026. The Indictment was returned fifteen days after the October return date, in Bangor.

One county on the Bangor side of the Court's rule does appear in the Indictment. Count 2 alleges that Mohammed Alkhalaf made a false statement to an agent of the Federal Bureau of Investigation "at MOHAMMED ALKHALAF's residence in Augusta, Maine," which is in Kennebec County. Indictment ¶ 26. Count 2 charges Alkhalaf and no one else. Noora Abd is not named in it, and the Indictment places no conduct of hers anywhere in Kennebec County. A single interview at one codefendant's home does not move the alleged scheme, which the Indictment locates in South Portland. The First Forfeiture Notice also lists currency seized from an unidentified address in Augusta, Indictment ¶ 31(d), but where the government found property is not among the considerations Rule 18 directs the Court to weigh.

## I. LEGAL STANDARD

Rule 18 of the Federal Rules of Criminal Procedure governs where within a judicial district a criminal case is tried. It provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed," and that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18.

The first command is not at issue. The offenses charged in the Indictment are alleged to have been committed in Maine, and the United States has brought them in Maine. This motion concerns the second command, which commits the place of trial within the District to this Court.

Maine is a single judicial district. "Maine constitutes one judicial district," and "[c]ourt shall be held at Bangor and Portland." 28 U.S.C. § 99. Congress abolished the District's former Northern and Southern Divisions in 1978. Pub. L. No. 95-573, 92 Stat. 2458. This Court has accordingly held that whether a trial is held in Bangor or in Portland the government is prosecuting "in a district where the offense was committed," and that neither Article III nor the Sixth Amendment is implicated, because both are written in terms of districts. United States v. Barnard, No. 1:23-cr-00035-JAW, 2024 U.S. Dist. LEXIS 85609, at *5-8 (D. Me. May 13, 2024). Rule 21 does not apply either, because it governs transfers from one district to another. Id. at *7; United States v. Reardon, No. 1:21-cr-00061-LEW, 2022 U.S. Dist. LEXIS 110064, at *1 (D. Me. June 22, 2022).

No question of venue or vicinage is presented here, and Noora Abd raises none. What governs is the second sentence of Rule 18. "Where to set the trial within the district falls within the Court's discretion," and that "discretion naturally includes concerns for fairness and due process." Reardon, 2022 U.S. Dist. LEXIS 110064, at *1-2, quoted in Barnard, 2024 U.S. Dist. LEXIS 85609, at *9. The considerations are those the Rule names: the convenience of the defendant, of any victim, and of the witnesses, and the prompt administration of justice. The determination is reviewed for abuse of discretion. United States v. Lipscomb, 299 F.3d 303 (5th Cir. 2002).

Rule 18 places no burden on the defendant. As the Eighth Circuit has put it, "[n]othing in Rule 18 places the burden on the defendant to establish the reason for the change of venue, rather Rule 18 mandates that district courts consider the factors of convenience to the defendant, convenience to the witnesses, and the prompt administration of justice when considering where trial should be held." United States v. Stanko, 528 F.3d 581, 584-85 (8th Cir. 2008) (reversing a

conviction and remanding for a new trial where the district court failed to give that consideration to a defendant's requests to be tried elsewhere in the district).

This Court has also spoken to the question by rule. Local Rule 3(h) allocates cases between the Portland and Bangor courthouses by the county in which venue is proper. It is addressed in Part II.E below.

## II. ARGUMENT

### A. The Convenience of the Defendant Favors Portland.

Noora Abd lives in Biddeford. The Edward T. Gignoux Federal Courthouse at 156 Federal Street in Portland is approximately eighteen miles from her home. The Margaret Chase Smith Federal Building and Courthouse at 202 Harlow Street in Bangor is approximately one hundred forty-five miles from her home.

The length of this trial is what makes that difference matter, and the Indictment forecasts a long one. It charges seven defendants, each entitled to make an opening statement, to cross-examine every government witness, and to close. It charges a conspiracy "beginning on a date unknown and continuing through August 2026," Indictment ¶ 15, and alleges that claims were submitted to MaineCare "[s]ince 2020." Id. ¶ 22. It describes not one beneficiary but "[v]arious MaineCare members, including Client 1." Id. ¶ 12. The government's proof will come through electronic visit verification records, claims data, employee timesheets, financial records, and the records of a third-party vendor, each of which will require a custodian. A trial of one week is a conservative estimate.

Her conditions of release compound the difference. Noora Abd is subject to GPS location monitoring and to a curfew restricting her to her residence as directed by Pretrial Services. ECF No. 56 at 2-3. The passport she surrendered is held in the Clerk's Office in Portland. ECF No.

95. A trial in Portland is consistent with each of those conditions. A trial in Bangor is not. It would require either a two hundred ninety mile round trip every day of trial or an order modifying her location monitoring and curfew so that she may live somewhere other than her home until the trial ends.

Noora Abd has three children at home, aged eight, six, and eight months, and she is pregnant with a fourth. Eighteen miles is a commute. One hundred forty-five miles is not. For every day this trial lasts, what the Court's ruling decides for her is whether she returns home at night to those children or lives away from them until it ends.

## B. The Convenience of the Witnesses Favors Portland.

The government has not yet identified its witnesses, and Noora Abd does not ask the Court to assume their identities. The Indictment itself, however, describes a case rooted entirely in southern Maine. Community was "a licensed personal care agency headquartered in South Portland, Maine." Indictment ¶ 10. Its personal support specialists were employed there. The MaineCare members to whom services were or were not rendered, including Client 1, received those services through a South Portland agency.

The government has not yet produced discovery, and it has not identified Client 1, Person 1, Person 2, or the Vendor, notwithstanding a written request that it do so. Noora Abd reserves the right to supplement this motion once the government identifies the witnesses it intends to call and where they are located.

Counsel's locations are part of the same picture. Seven law firms have appeared here. Three are in Portland, three are in Augusta, and one is in Scarborough. Not one is in Bangor, and every one of them is closer to the Gignoux Courthouse than to the courthouse in Bangor. This Court weighed the same facts in Reardon, denying a move from Bangor to Portland because "the

trial participants, attorneys, any likely witnesses, and the defendant himself all hail from the Bangor area, which militate strongly in favor of holding the trial in Bangor." 2022 U.S. Dist. LEXIS 110064, at *3.

**C. The Convenience of Any Victim Is Neutral.**

Rule 18 directs the Court to consider the convenience of any victim. The payor alleged to have been defrauded here is MaineCare, a state benefit program administered by the Maine Department of Health and Human Services. No individual victim will travel to this trial, and the factor carries little weight in either direction.

**D. The Remaining Rule 18 Considerations Do Not Favor Bangor.**

Rule 18 also directs the Court to act with due regard for the prompt administration of justice. That phrase carries a narrower meaning than it might appear to. As the Fifth Circuit has explained, "the triggering purpose of the 'prompt administration' amendment to Rule 18 was to clarify that district courts are authorized to fix the place of trial so as to comply with the Speedy Trial Act." Lipscomb, 299 F.3d at 342. Trial is scheduled to commence on December 3, 2026. Nothing about either courthouse changes that date, and Noora Abd does not contend otherwise. On this consideration the two locations stand equal.

Courts applying Rule 18 have also weighed docket management and whether a particular courthouse suits a particular trial's space and security needs. Id. at 342-43. Nothing in the record speaks to either one. The government has not suggested that the Gignoux Courthouse is unavailable on the scheduled date or that it cannot accommodate a trial of this size, and the Court is better positioned than the parties to know whether that is so. If either consideration bears on the question, Noora Abd asks only that it be weighed on the record rather than assumed.

Where a court does rest on such considerations, they must be made reviewable. In United States v. Burns the Eleventh Circuit reversed convictions and ordered a new trial where a district court had denied an intra-district transfer on the strength of Speedy Trial Act constraints and its pending criminal caseload, holding that for such considerations to outweigh convenience "they should be set forth in findings that are sufficiently detailed to allow review," and that the court's own contrary policy was "insufficient." 662 F.2d 1378, 1383 (11th Cir. 1981), quoted in Stanko, 528 F.3d at 585.

**E. The Court's Own Rule and Its Stated Practice Both Point to Portland.**

Local Rule 3(h) provides that cases in which venue is proper in Cumberland County or York County "will ordinarily be tried in Portland." Community operated in South Portland, in Cumberland County. Noora Abd resides in Biddeford, in York County. The only allegation the Indictment places in a county on the Bangor side of that rule is the single false statement charged in Count 2, made at Mohammed Alkhalaf's residence in Augusta, and Noora Abd is not charged in Count 2.

That Rule 3 is captioned "Commencement of Action" does not confine it to civil cases. Local Rule 1(b)(1) provides that "[r]ules that apply to both criminal and civil matters are contained in Local Rules 1–83," which is where Rule 3 sits, and there is no Local Rule 118 supplementing Rule 18 on the criminal side.

Subsection (h) itself speaks of "Cases" without qualification. Whether or not the rule binds the Court in a criminal case, it records this Court's own judgment about which courthouse is the appropriate one for a case arising in a given part of the State, and that judgment does not change with the nature of the proceeding.

This Court has described its own practice in the same terms. In Barnard the Court had set a case arising in Millinocket for trial in Portland solely because the United States Marshals Service reported difficulty housing the defendant near Bangor. When that concern lifted the Court returned the case to Bangor, explaining that "it is always the Court's preference to hold Bangor trials in Bangor." 2024 U.S. Dist. LEXIS 85609, at *10. By that same measure this is a Portland case, and no comparable obstacle exists here, because every defendant is at liberty on conditions.

The First Circuit has endorsed precisely this kind of allocation. In United States v. Cates the court observed that a district court has "undoubted authority" to "establish practices and rules dividing up cases" between its courthouses, and that it "may customarily fix the indictment and trial of Northern Division offenses in that Division." 485 F.2d 26, 29-30 (1st Cir. 1974). Local Rule 3(h) is that authority exercised by rule rather than by habit, and Noora Abd does not ask the Court to substitute the rule for the analysis above. She asks that it be given the weight owed a court's own considered judgment, alongside facts that independently point the same way.

The government may answer with a sentence from Cates stating that in fixing the place of trial "the court may disregard the division where the crime was committed." Id. at 28. Maine had divisions when Cates was decided in 1974. Congress abolished them four years later, and Barnard cites Cates for that history. 2024 U.S. Dist. LEXIS 85609, at *5-6. Noora Abd does not contend that geography binds the Court. She contends that it is where the Rule 18 considerations lead.

**F. The Location of the Grand Jury Does Not Bear on the Place of Trial.**

The government may also respond that the Indictment was returned in Bangor. That is true, and it does not answer the question before the Court. Rule 6 governs the grand jury and

Rule 18 governs the place of trial, and where an indictment was returned is not among the considerations Rule 18 identifies. Nor could it sensibly be. Where a grand jury sits turns on the court's calendar and on the government's convenience in presenting evidence to it, neither of which bears on the burdens a trial location imposes on a defendant, a victim, or a witness.

## CONCLUSION

Every defendant in this case appeared in Bangor for arraignment. The Indictment charges no conduct by Noora Abd anywhere near it. The only part of this case that is in Bangor is the case itself.

Rule 18 directs the Court to set the place of trial with due regard for the convenience of the defendant, any victim, and the witnesses, and for the prompt administration of justice. Not one of those considerations points north.

Noora Abd respectfully requests that the Court set the place of trial in this matter in Portland.

Dated: November 3, 2026

Respectfully submitted,

/s/ Michael J. Conley
Michael J. Conley, Esq.
Maine Bar No. 008908
ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Suite 3A
Portland, ME 04103
(207) 618-6555
michael@zerillolaw.com

/s/ Kristine C. Hanly
Kristine C. Hanly, Esq.
Maine Bar No. 004500
HANLY LAW
254 Congress Street, Suite 245
Portland, ME 04101
(207) 281-4999
kristine@hanlylaw.com

Counsel for Defendant Noora Abd

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 3, 2026

/s/ Michael J. Conley

Michael J. Conley, Esq.
ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Suite 3A
Portland, ME 04103
(207) 618-6555
michael@zerillolaw.com