**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:26-cr-00114-JAW |
| | ) | |
| COMMUNITY HOME HEALTH CARE, LLC and NOORA ABD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO THE GOVERNMENT'S MOTION TO CONTINUE TRIAL**

Defendants Community Home Health Care, LLC and Noora Abd do not oppose a trial date of January 4, 2027. That is the date Defendants proposed. What Defendants oppose is the exclusion of time the government asks the Court to attach to it. The government has not finished producing discovery and needs more time to do it. It asks the Court to stop the clock while it finishes. That delay is not Defendants' to bear.

A trial that begins on January 4, 2027 begins inside the period the Speedy Trial Act allows. There is nothing to exclude. Defendants seek the period Congress gave them and no more than that.

Defendants also oppose the government's proposed December 4, 2026 deadline for pretrial motions. The government expects to finish producing discovery between November 30 and December 7, 2026. The deadline it proposes falls inside that window.

## I. No Exclusion of Time Is Necessary to Try This Case on January 4, 2027

### *A. Sixty-Four of the Seventy Days Remain*

The seventy-day period under 18 U.S.C. § 3161(c)(1) runs from the later of the filing and making public of the indictment or the defendant's first appearance before a judicial officer. The indictment was returned under seal on October 22, 2026 and unsealed on October 27, 2026, the same day Defendants appeared and were arraigned. ECF Nos. 3, 46, 47.

Six of the seventy days ran, between October 28 and November 2, 2026. The motion to set the place of trial was filed on November 3, 2026. ECF No. 97. Time has been excluded under 18 U.S.C. § 3161(h)(1)(D) continuously since that date. That motion was pending until November 13, 2026. ECF No. 110. The motion to extend the deadline for pretrial motions was filed on November 9, 2026 and remains pending. ECF No. 99. Two further motions were filed on November 23, 2026, one of them the government's own, and responses to those are not due until December 14, 2026. ECF Nos. 126, 129.

That exclusion is automatic and requires no findings. Section 3161(h)(1)(D) renders automatically excludable "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Bloate v. United States, 559 U.S. 196, 205 (2010). The government cites Bloate for the limit the Court placed on that subparagraph, id. at 205-06, and Defendants do not contend otherwise. The time excluded here is the time those motions have been pending, which is the period Bloate holds is automatically excluded.

Sixty-four days remain. Even if the period resumed immediately, it would not expire until late January 2027. Jury selection on January 4, 2027 would therefore begin with time remaining under the Act.

The exclusions in § 3161(h) permit a court to try a case after the seventy days have run. They are not a precondition to setting a trial date within them. No finding is required to reach January 4, 2027, because the Act already permits it.

### *B. No Ends-of-Justice Finding Is Available on This Record*

The government's reliance on United States v. Harris, 660 F.3d 47 (1st Cir. 2011), proves less than it needs. There the First Circuit resolved a Speedy Trial Act challenge by identifying

the excludable periods, subtracting them, and determining that the trial had begun "well within the 70 days required by the Speedy Trial Act." Id. at 51. The government quotes Harris for the proposition that counsel's need for reasonable time to prepare is a ground this Circuit has "routinely held sufficient to grant continuances and exclude the time." Id. The continuances in Harris were sought by a codefendant's counsel, and the court held only that granting them was not error. That a ground is sufficient to support a continuance does not make an exclusion necessary where the trial date falls inside the seventy days.

The government's reliance on Zedner v. United States, 547 U.S. 489 (2006), runs the same way. Zedner holds that a defendant may not prospectively waive the Act and that no period may be excluded without on-the-record findings. Id. at 500, 507. The sentence the government quotes, that "the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h)," addresses a defendant who sought to opt out of the Act in order to obtain more time. Id. at 500. Defendants have asked for neither. Zedner also describes what the exclusion the government seeks would require. Even where a continuance is granted at the defendant's own request, the court must find that the ends of justice outweigh "the best interest of the public and the defendant in a speedy trial." Id. at 501 (describing 18 U.S.C. § 3161(h)(8)(A), now § 3161(h)(7)(A)) (emphasis in original). No such finding is available where the trial will begin on the date the government itself proposes and within the period the Act allows.

Defendant Noora Abd is pregnant and is expected to give birth in February 2027. She asks to be tried before her child is born. That is her interest in a speedy trial, and the Court must weigh it before excluding any period. A trial beginning January 4, 2027 comes before the birth. A trial beginning after an extension of the period may not.

The factors the Act directs the Court to consider do not support an exclusion on this record. Section 3161(h)(7)(B)(ii) asks whether a case is so unusual or so complex, given the number of defendants and the nature of the prosecution, "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." The time limits established by this section extend past January 4, 2027. The question is therefore not whether this case is complex. It is whether complexity makes adequate preparation unreasonable within the period the Act allows. The government's motion argues the first and does not reach the second. ECF No. 129 at 12.

Defendants do not represent that the material in this case can be reviewed in any particular number of days. They have not seen all of it. By the government's own account, several categories have not been produced at all and the seized communications are still being translated. The days the Act affords are a fixed quantity and they are spent whether or not there is anything in hand to review. The government determines when the review can begin, and so determines how much of the statutory period remains for it.

This is Defendants' position on the record as it stands. Several categories of discovery have not been produced. If what remains changes what Defendants need, they will bring that to the Court. They do not ask the Court to resolve it now, on materials no one has seen. The Act makes Ms. Abd's interest in a speedy trial something the Court must weigh. It does not make the government's production schedule something that overrides it.

### *C. Characterizing the Filing as a Motion to Continue Changes Nothing*

The government argues that Defendants' proposed schedule should be treated as a motion to continue whatever Defendants called it, and that the Court should look to substance rather than

label. Defendants do not dispute that principle. Applied here it favors Defendants, because the substance of what Defendants asked for is a trial date inside the statutory period.

The case the government cites for that principle is not a Speedy Trial Act case. United States v. Morillo, 8 F.3d 864 (1st Cir. 1993), decided whether a post-judgment motion styled as a motion to correct sentence rendered a criminal judgment nonfinal and so extended the time to file a notice of appeal under Fed. R. App. P. 4(b). Id. at 866-70. The characterization mattered there because a rule attached a consequence to that category of motion. No rule attaches an exclusion of time to the filing of a motion to continue. Section 3161(h)(7) attaches an exclusion to a continuance the court grants on findings it makes. Characterizing Defendants' filing as a motion to continue therefore does not answer the question that decides this motion, which is whether a trial date inside the seventy-day period requires an exclusion of time. It does not.

## II. Defendants Seek No Tactical Advantage

The government writes that "[p]erhaps the defendants seek a tactical advantage in whittling time off the Speedy Trial Clock by seeking to delay trial in this manner." ECF No. 129 at 11. That is not a tactic. The Speedy Trial Act is not relief a defendant asks a court to confer. It sets the number of days the government has to bring a charged person to trial, and those days run unless one of the Act's exclusions applies. Defendants have declined to waive a right they are not required to waive and have declined to request relief they do not need. That is the statute working the way it was written to work.

The government chose when this clock began. It returned this indictment on October 22, 2026 against seven defendants and made its first production on November 18. A month after the indictment the Arabic translations are unfinished, eight to ten terabytes of surveillance footage are still being copied, the body worn camera footage from the searches has not been produced,

and neither have more than seventy-five recordings of the defendants' own statements or the data taken from their telephones. ECF No. 129 at 8, 12. The government now asks that the time it needs to finish be charged against the defendants. That time is the government's, not the defendants'.

The government controls the pace as well. Four weeks have passed since arraignment. The first production was made available six days ago, and by the government's own account its production is still not complete.

The position the government asks the Court to adopt puts the clock in its hands at every point. If a defendant who asks for a trial date inside the seventy days is treated as having moved to continue, and is charged with the delay, then every lag in production generates its own exclusion. A defendant cannot move to suppress evidence he has not been given. He asks for time, and the time is excluded against him. More discovery arrives late, and he asks again. Production taking two months or three would work the same way as production taking one. The seventy-day period would come to mean whatever the pace of production made it mean.

Defendants do not contend that the government must produce faster than it can. They contend that the Speedy Trial Act does not place the cost of the pace on them. An exclusion granted on these grounds would do precisely that. It would extend the period for trial by the time the government needs to meet its own disclosure obligations, over the objection of the defendants who are waiting for it. Whatever tactical advantage that is, it does not run to the defense.

## III. The Proposed December 4 Deadline for Pretrial Motions Falls Before Discovery Is Complete

The government's motion sets out the state of discovery. The initial production was made available on November 18, 2026 and consisted of approximately 37.5 gigabytes of data, 6,877

documents, and at least approximately 119,761 pages. Eight to ten terabytes of remote video surveillance footage are being copied one storage device at a time. The first device took three days. The government states that it continues to copy the remaining devices and is waiting for some counsel to supply them. ECF No. 129 at 6-8.

More has not been produced at all. The government describes body worn camera footage, more than seventy-five audio recordings of statements Defendants made to law enforcement, data seized from Defendants' electronic devices, historical cell site information, and additional investigative records, and states that it anticipates providing them within the next one to two weeks. ECF No. 129 at 8. The seized communications are still being translated from Arabic. ECF No. 129 at 12.

One to two weeks from the date of the government's motion is November 30 through December 7, 2026. The government asks the Court to set the deadline for pretrial motions on December 4, 2026. That date falls inside the window in which the government expects to finish producing the materials those motions would address.

Defendants were arraigned on October 27, 2026. On the government's own estimate, its production will not be complete until five to six weeks after that date. For the translation of the seized communications the government gives no date at all. ECF No. 129 at 12.

The government does not appear to contend otherwise. It tells the Court that it "recognizes that the defendants will likely need additional time to review discovery and prepare motions" and that it "believes that a longer ends-of-justice continuance of both the trial and pretrial motions deadline would be appropriate." ECF No. 129 at 16. A December 4, 2026 deadline for the filing of pretrial motions cannot be squared with that statement.

The government's motion describes December 4 in two ways. In the body of the motion, December 4 is the date by which the parties would alert the Court whether they are firm for trial in January, file any motion to continue trial, file any motion for protection of dates, and file a motion for a certain trial date. ECF No. 129 at 15. Those are scheduling filings. In the conclusion, December 4 becomes the deadline for pretrial motions. ECF No. 129 at 16. Defendants do not object to December 4, 2026 for the scheduling notices the government describes. Defendants object to December 4, 2026 as the date by which pretrial motions must be filed.

The problem is not volume alone. A motion addressed to a defendant's own statement depends on the recording of it, and more than seventy-five recordings have not been produced. ECF No. 129 at 8. A deadline that falls before the materials arrive does not accelerate motions. It forecloses them.

Defendants proposed December 21, 2026, which follows the government's own estimate of when production will be complete by roughly two weeks. The government objects that the proposal would also have the parties notify the Court on December 14 whether they anticipate filing motions, leaving the schedule uncertain. ECF No. 129 at 15. Defendants do not insist on the December 14 notice. A firm deadline of December 21, 2026 answers the uncertainty the government describes, and Defendants ask the Court to set it.

## IV. Relief Requested

The Court can give the government the trial date it asks for without making the finding it asks for.

Defendants respectfully request that the Court:

1. Set jury selection to commence on January 4, 2027;

2. Decline to exclude time under 18 U.S.C. § 3161(h)(7), because no exclusion is necessary to try this case on that date; and

3. Set December 21, 2026 as the deadline for the filing of pretrial motions.

Dated: November 24, 2026

Respectfully submitted,

/s/ Michael J. Conley
Michael J. Conley, Esq.
Maine Bar No. 008908
ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Suite 3A
Portland, ME 04103
(207) 618-6555
michael@zerillolaw.com

/s/ Kristine C. Hanly
Kristine C. Hanly, Esq.
Maine Bar No. 004500
HANLY LAW
254 Congress Street, Suite 245
Portland, ME 04101
(207) 281-4999
kristine@hanlylaw.com

Counsel for Defendants Noora Abd and
Community Home Health Care, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 24, 2026

Respectfully submitted,

/s/ Michael J. Conley
Michael J. Conley, Esq.
Maine Bar No. 008908
ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Suite 3A
Portland, ME 04103
(207) 618-6555
michael@zerillolaw.com